# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| TUAN THANH PHAM | § | |
| | § | |
| v. | § | A-17-CV-1008 RP |
| | § | |
| TEXAS STATE BOARD OF DENTAL | § | |
| EXAMINERS, et al. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss for Failure to State a Claim (Dkt. No. 4), and Plaintiff's Response (Dkt. No. 5). The undersigned submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Tuan Thanh Pham brings this case against the Texas State Board of Dental Examiners (TSBDE), and a number of its members in their official capacity for violations of the Administrative Procedures Act, 42 U.S.C. § 1983, and negligence, gross negligence, willful misconduct, and fraud. In his Complaint, Pham alleges that the TSBDE revoked his license to practice dentistry due to an alleged error regarding the payment of fines. Dkt. No. 1 at 3.[1] After Pham informed Richard Grober, legal counsel at TSBDE, of this alleged error, Pham claims that his office was raided by the police and the Drug Enforcement Administration. *Id.* at 3–4. Pham also claims that he was informed

---

[1] At various points in his Complaint, Pham cites to exhibits he claims were attached to the Complaint. However, other than the affidavit, proposed order, and civil cover sheet, no exhibits were attached.

that "all compliance was satisfied," but that TSBDE refused to reinstate his license. *Id.* at 4. Finally, Pham claims that the TSBDE committed fraud on the Administrative Law Judge that ultimately entered a default judgment against Pham. *Id.* at 5. He therefore brings this suit seeking reinstatement of his license, a declaration that the agency and its officials acted unconstitutionally, and to compel the officers to "perform their[] mandatory or ministerial duties." *Id.* at 6–7.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### B. Rule 12(b)(6)

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court recently expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009). Finally, Although this Court construes the briefs of *pro se* litigants liberally, a *pro se* litigant must still comply with the court rules of procedural and substantive law. *Bird v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *See also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotation marks and citations omitted), *cert. denied*, 537 U.S. 1200 (2003).

## III. ANALYSIS

The TSBDE and its members bring this motion to dismiss, arguing that this Court lacks jurisdiction over Pham's claims, or in the alternative, that he has failed to state a claim upon which relief may be granted. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There are two basic types of jurisdiction: diversity and federal question. Diversity jurisdiction requires (1) that "the matter in controversy exceed[ ] the sum or value of $75,000" (i.e., the amount of money the plaintiff is seeking) and (2) that the case be between, among other things, "citizens of different states." 28 U.S.C. § 1332. By contrast, federal question jurisdiction requires that the case arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If the court does not have subject matter jurisdiction, it must dismiss the case. Moreover, "the court has an affirmative duty to raise [ ] issues regarding subject matter jurisdiction, sua sponte, whenever a problem with subject matter jurisdiction is perceived." *Dominguez-Cota v. Cooper Tire & Rubber Co.*, 39 F.3d 650, 652 n.1 (5th Cir. 2005)); *Tex. Div., Sons of Confederate Veterans v. Vandergiff*, 759 F.3d 388, 392 (5th Cir. 2014) rev'd on other grounds, 135 S. Ct. 2236 (2015) ("Neither party has argued that this court lacks jurisdiction, but federal courts have a duty to consider their subject matter jurisdiction sua sponte."). A pro se plaintiff's mere assertion of a federal statute, which clearly does not apply, is insufficient to invoke federal question jurisdiction. *See, e.g.*, *Lopez v. Kora*, 3:12-CV-0510-M BK, 2012 WL 1242376, at *2 (N.D. Tex. Mar. 12, 2012) (dismissing sua sponte a pro se plaintiff's case for lack of subject matter jurisdiction because the federal statutes cited did not provide a cause of action that applied to the plaintiff's claims), report and recommendation adopted, 3:12-CV-0510-M BK, 2012 WL 1242341 (N.D. Tex. Apr. 12, 2012).

In this case, Pham cannot establish diversity jurisdiction as he has pled that both he and the defendants are residents of Texas. *See McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004); *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Accordingly, Pham must establish that this Court has federal question jurisdiction. In an attempt to do so, he invokes several jurisdictional statutes, including the Administrative Procedures Act, 42 U.S.C. § 1983, and the Federal Declaratory Judgment Act.[2] In addition to the above federal laws, Pham has also alleged state tort claims for negligence, gross negligence, willful misconduct, and fraud. The Court could only exercise supplemental jurisdiction over the state law claims if it first finds that there is a federal question raised by the action. Because Pham's federal law claims fail, there can be no jurisdiction over Pham's state law claims.

First, Pham cannot bring claims under the Administrative Procedures Act. He purports to make claims pursuant to 5 U.S.C. §§ 555(b) and 706(I), which set forth federal agency process requirements and the scope of judicial review of federal agency actions. However, the Administrative Procedure Act solely applies to *federal* administrative agencies, not state agencies. *See Preston v. Thaler*, 2012 WL 2026329, at *6 (S.D. Tex. June 4, 2012) (citing 5 U.S.C. § 701(b)(1)). Instead, state agencies in Texas are subject to the Texas Administrative Procedures Act. Thus, Pham's claims under the APA are invalid.

Similarly, Pham cannot bring claims against either the TSBDE or its members under 42 U.S.C. § 1983. In *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the Supreme Court

---

[2] In his response, Pham also asserts that the TSCBE violated 18 U.S.C. § 1001. However, this is a criminal statute, and there is no private right of action to bring a claim under this section. *See, e.g., Back v. UTMB*, 2016 WL 9455135, at *2 (W.D. Tex. Apr. 7, 2016) ("Courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action.").

held that a "State is not a 'person' within the meaning of § 1983." 491 U.S. at 66–67. This reasoning applies both to "governmental entities that are considered 'arms of the state'" as well as state officials acting in their official capacities, as both are essentially "suit[s] against the State itself." *Id.* at 70–71. Here, Pham has sued the TSBDE, which undoubtedly is a state agency, and its members in their official capacity, who are also considered an "arm of the state." Even looking beyond Pham's choice to sue the members solely in their official capacity, it is clear from the relief sought that he is not seeking to hold any of the members personally liable for their actions. Rather, Pham asks that this Court declare the *Board's* actions unconstitutional, issue a permanent injunction against the defendants and their successors in office against "further maintenance, implementation, or enforcement of the provisions in revocation" of his license (i.e., reinstatement), and compel the officials to perform their mandatory or ministerial duties. Dkt. No. 1 at 6–7. Each of these requests seeks to hold the TSBDE and its members liable in their official capacity. Therefore, Pham cannot bring any claims under § 1983.

Next, Pham asserts that 28 U.S.C. §§ 2201 and 2202 provide jurisdiction in this suit. However, neither of these statutes are "independent ground[s] for jurisdiction." *Jones v. Alexander*, 609 F.2d 778, 78 (5th Cir. 1980). Rather, they "permit[] the award of declaratory relief only when other bases for jurisdiction are present." *Id.* (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). Accordingly, these statutes are not sufficient to confer jurisdiction on this Court.

The only remaining claims are those for for negligence, gross negligence, willful misconduct, and fraud, none of which on their face appear to raise a federal claim. Given Pham's pro se status, however, the Court will review his complaint to determine whether any of the claims, though

6

couched as state law claims, might in fact properly be construed to state a federal constitutional claim. *See* Dkt. No. 1 at 6 (asking that this Court declare the "Board['s] Willful Intentional Action unconstitutional"). Pham alleges in his complaint that the TSBDE revoked his license due to an alleged error regarding an unpaid fine. Dkt. No. 1 at 3. After the TSBDE revoked his license, the "Dental Board Enforcement[] quickly coordinated with the Houston District Attorney, police forces, and DEA to raid" his dental practice. *Id.* Since that time, Pham alleges that the TSBDE "confirm[ed] that all compliance was satisfied" but has yet to reinstate his license. *Id.* at 4. He claims that the actions of the TSBDE "and its agents, servants, and officers" failed to "follow proper and standard protocol." *Id.* at 5. Finally, Pham alleges that "Respondent"—though it is unclear to which of the defendants Pham refers—committed fraud on the Administrative Law Judge to obtain a default judgment. *Id.*

In reading the Complaint, and the relief requested, Pham appears to be alleging a procedural due process claim, which in theory would be actionable under the Fourteenth Amendment. However, it is clear from the Complaint that Pham cannot state a Fourteenth Amendment procedural due process claim. The Fourteenth Amendment prevents States from depriving citizens of property without due process of law. U.S. CONST. AMEND. XIV § 1. To prevail on a procedural due process claim, a plaintiff must show that he or she (1) has a recognized property or liberty interest and (2) was deprived of that liberty or property interest without adequate notice or meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 332–35, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Pham has not alleged that the state failed to not give him notice or an opportunity to be heard on these issues. In fact, his Complaint states that he "exhausted all administrative remedies." Dkt. No. 1 at 5. At best, Pham is alleging that an error was made with regard to the payment of fines

7

and never corrected. Without more, this is insufficient to allege a due process violation. Therefore, because Pham has failed to allege a federal claim, his Complaint should be dismissed for lack of jurisdiction.

## IV. RECOMMENDATION

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge **GRANT** the Defendant's Motion to Dismiss for Failure to State a Claim (Dkt. No. 4), and dismiss Pham's claims for lack of jurisdiction.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of August, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE